UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALLEN CAIN, | No. 2:21-cv-1327-EFB P |
| Plaintiff, | |
| v. | ORDER |
| K. BROWN, et al., | |
| Defendants. | |

Plaintiff is a federal prisoner proceeding without counsel in an action brought for alleged violations of his civil rights.[1] In addition to filing a complaint (ECF No. 1), he also filed an application to proceed in forma pauperis (ECF No. 2).

<u>Application to Proceed in Forma Pauperis</u>

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

---

[1] Although the pre-printed form complaint used by plaintiff states that jurisdiction is invoked by 42 U.S.C. § 1983, that section is inapplicable because plaintiff is suing federal officials.

1

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

### Screening Order

Plaintiff alleges that between October 13, 2020 and November 5, 2020, defendants Thompson, Brown, Boulware, Shigeyasu, and Alatary denied him access to the court. ECF No. 1 at 9. More specifically, plaintiff claims that they denied him paper, a pen, and envelopes "during the critical stages of [his] appeal process." *Id.* at 8. They allegedly told plaintiff he could receive mail but could not send mail out. *Id.* According to the complaint, defendants' actions "caused adverse decision to be ruled against [plaintiff] by the United States District Court of Eastern Washington on [plaintiff's] post-conviction appeal." *Id.*

Plaintiff's claim that defendants' conduct caused the district court in Washington to issue an adverse ruling is not supported by that court's criminal docket in *United States v. Cain*, No. 2:16-cv-0176-RMP-1 (E.D. Wash.), of which this court takes judicial notice.[2] On March 6, 2019, the court issued a resentencing judgment. *Id.,* at ECF No. 190. On the same day, plaintiff filed a notice of appeal. *Id.,* ECF No. 192. The U.S. Court of Appeals for the Ninth Circuit affirmed the decision of the district court and issued its mandate on April 27, 2020. ECF Nos. 201, 202. On May 7, 2020, a federal defender filed a notice of appearance on behalf of plaintiff. ECF No. 203. Nothing further has been filed by either plaintiff or the court. Thus, the court has not issued any adverse ruling to plaintiff as a result of defendants' alleged conduct in October and November of 2020.

If plaintiff wishes to assert a First Amendment claim based on denial of access to the courts, he must plead specific facts showing that defendants actually injured his litigation efforts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). In an abundance of caution, the court will afford plaintiff the opportunity to file an amended complaint.

### Leave to Amend

Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal

---

[2] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.

Any amended complaint must not exceed the scope of this order and may not add new, unrelated claims. Further, any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

### Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted;

/////

/////

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Federal Bureau of Prisons filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order; and

4. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: September 24, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE