UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALLEN CAIN,<br><br>Plaintiff,<br><br>v.<br><br>K. BROWN, et al.,<br><br>Defendants. | No. 2:21-cv-1327-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a federal prisoner proceeding without counsel in an action brought for alleged violations of his civil rights. After a dismissal by the court, plaintiff has filed an amended complaint, which the court must screen. ECF Nos. 11 & 13. Plaintiff also requests the appointment of counsel. ECF No. 9.

### Request for Appointment of Counsel

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues

involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

### Screening Order

Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court analyzed plaintiff's original complaint pursuant to § 1915A as follows:

> Plaintiff alleges that between October 13, 2020 and November 5, 2020, defendants Thompson, Brown, Boulware, Shigeyasu, and Alatary denied him access to the court. ECF No. 1 at 9. More specifically, plaintiff claims that they denied him paper, a pen, and envelopes "during the critical stages of [his] appeal process." *Id.* at 8. They allegedly told plaintiff he could receive mail but could not send mail out. *Id.* According to the complaint, defendants' actions "caused adverse decision to be ruled against [plaintiff] by the United States District Court of Eastern Washington on [plaintiff's] post-conviction appeal." *Id.*
>
> Plaintiff's claim that defendants' conduct caused the district court in Washington to issue an adverse ruling is not supported by that court's criminal docket in *United States v. Cain*, No. 2:16-cv-0176-RMP-1 (E.D. Wash.), of which this court takes judicial notice.[1] On March 6, 2019, the court issued a resentencing judgment. *Id.*, at ECF No. 190. On the same day, plaintiff filed a notice of appeal. *Id.*, ECF No. 192. The U.S. Court of Appeals for the Ninth Circuit affirmed the decision of the district court and issued its mandate on April 27, 2020. ECF Nos. 201, 202. On May 7, 2020, a federal defender filed a notice of appearance on behalf of plaintiff. ECF No. 203. Nothing further has been filed by either plaintiff or the court. Thus, the court has not issued any adverse ruling to plaintiff as a result of defendants' alleged conduct in October and November of 2020.
>
> If plaintiff wishes to assert a First Amendment claim based on denial of access to the courts, he must plead specific facts showing that defendants actually injured his litigation efforts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996);

/////

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

> *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).  In an abundance of caution, the court will afford plaintiff the opportunity to file an amended complaint.

ECF No. 5 at 3.

In the amended complaint, plaintiff clarifies that his injury for purposes of an access to the courts claim is that he was unable to respond to an October 26, 2020 letter from an attorney discussing plaintiff's post-conviction options and the possibility of representing plaintiff.  ECF No. 10 at 3.  Plaintiff also alleges that he was unable to file an administrative grievance.  *Id.*

The allegations in the amended complaint do not cure the deficiencies identified in the court's prior screening order.  Plaintiff's inability to respond to a letter from an attorney, who plaintiff had not retained, is not an "actual injury" for purposes of an access to courts claim.  An actual injury arises where a defendant's conduct hinders plaintiff's efforts to bring, or causes him to lose, an actionable claim challenging his criminal sentence or conditions of confinement.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).  Upon further review of plaintiff's criminal proceedings in Washington, it appears that there was an adverse ruling against plaintiff.[2]  That ruling, however, was not caused by plaintiff's inability to respond to the October 26, 2020 letter from an attorney.  *See United States v. Cain*, No. 2:16-cv-0069-RMP-1 (Apr. 5, 2021, E.D. Wash.) (denying motion on the merits).  Further, the improper handling of administrative appeals does not violate due process, as there are no constitutional requirements regarding how a grievance system is operated.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

For these reasons, the amended complaint must be dismissed for failure to state a claim upon which relief could be granted.

The court has afforded plaintiff a chance to amend his complaint, yet he is unable to state a claim upon which relief could be granted.  Consequently, it declines to offer a further

---

[2] The court takes judicial notice of a second criminal docket in the United States District Court of Washington, *United States v. Cain*, No. 2:16-cv-0069-RMP-1 (E.D. Wash.), as it appears that the decision issued by the Ninth Circuit covered two cases in which plaintiff was a criminal defendant.

opportunity to amend. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (futility of amendment and previous opportunities to amend are factors to assess in weighing the propriety of granting leave to amend).

Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's request for the appoint of counsel (ECF No. 9) is DENIED; and

2. The Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that plaintiff's amended complaint (ECF No. 10) be DISMISSED without leave to amend for failure to state a cognizable claim and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 19, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE